UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0873-B |
| | § | |
| ANDREW SAUL, Commissioner of the Social Security Administration, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James W. seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's final decision to deny him supplemental security income. For the reasons set forth below, the Court **AFFIRMS** the final decision of the Commissioner in all respects.

**I.**

**BACKGROUND**

Plaintiff represents that he was found eligible for and received supplemental security income as a child beginning in January 2003. Doc. 22, Pl.'s Br., 2–3. However, he was reevaluated as an adult; and, in May 2009, it was determined that Plaintiff's eligibility for benefits lapsed in February 2008. Doc. 11-1, Administrative Record (A.R.), 448–50. Plaintiff sought a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision in February 2011. *Id.* at 475–86. Plaintiff's claim then traveled back and forth between the Appeals Council and various hearing officers until February 2019 when the Appeals Council declined to review the most recent

hearing decision. *Id.* at 18, Doc. 22, Pl.'s Br., 3–4. The most recent hearing decision, issued by an ALJ on September 26, 2018, is the subject of this appeal.

Plaintiff appears to allege that he is disabled due to poor intellectual functioning, bipolar disorder, a learning disability, and attention deficit hyperactivity disorder (ADHD). *See* Doc. 22, Pl.'s Br., 4–7. Following three administrative hearings,[1] the ALJ concluded that Plaintiff's "disability ended on February 1, 2008, and [that he] has not become disabled again since that date." Doc. 11-1, A.R., 31. The ALJ found that Plaintiff had the following severe impairments: borderline intellectual function, ADHD, and bipolar disorder. *Id.* at 23. However, the ALJ concluded that Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.* The ALJ then determined that Plaintiff has the residual functional capacity (RFC) "to perform a full range of work at all exertional levels," but is limited to "perform[ing] simple tasks[ and] mak[ing] simple work-related decisions, . . . [but he can] respond appropriately to frequent changes in the workplace [,] have frequent contact and interaction with supervisors[,] and [have] occasional contact and interaction with coworkers and the public." *Id.* at 26. Notably, the ALJ found that Plaintiff had, "at most[,] moderate limitations in function[.]" *Id.* at 27. Based on this RFC, and relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff can work as an industrial cleaner, a laundry worker, and a kitchen helper, jobs that exist in significant numbers in the national economy. *Id.* at 31.

---

[1] Those hearings took place on April 3, 2017, January 22, 2018, and May 21, 2018. Doc. 18-1, Supp. A.R., 1399–1461; Doc. 11-1, A.R., 21–34, 158–85, 186–225.

Plaintiff requested a review of the ALJ's decision with the Appeals Council, which denied the request. *Id.* at 12–15. The ALJ's decision was thus the final decision of the Commissioner in Plaintiff's case. *See id.* Plaintiff appealed the Commissioner's decision in this Court on April 9, 2019. *See* Doc. 1, Compl. The parties timely filed cross-motions for summary judgment addressing the alleged errors raised by Plaintiff in his appeal. Doc. 20, Order Directing Filing of Brs., 2–3; Doc. 22, Pl.'s Br.; Doc. 23, Def.'s Br.; Doc. 24, Pl.'s Reply Br.

In his brief, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because: (1) the ALJ's finding that Plaintiff has a "moderate limitation" in understanding, remembering, and processing speed is contrary to the findings of Doctors Mount, D'Angelo, Jarmon, Crumley, and Ofamata and does not reflect Plaintiff's documented limitations in reading and spelling, Doc. 22, Pl.'s Br., 12–15; (2) the RFC fails to consider Plaintiff's inability to get along with others, *id.* at 15; (3) the RFC does not consider Plaintiff's need for constant supervision while on the job, *id.* at 15–16; and (4) the ALJ did not properly evaluate the opinion of Dr. Ofamata when assigning it little weight and did not incorporate Dr. Ofamata's opinion that Plaintiff "has a substantial loss of ability to respon[d] appropriately to changes in a routine work setting" and an extreme loss of ability to get along and interact appropriately with others, *id.* 15–17.

As explained below, the Court concludes that none of the errors Plaintiff raises warrants remand of this case to the Commissioner. The decision of the Commissioner is, therefore, affirmed.

## II.

## LEGAL STANDARD

Judicial review in social security cases is limited to two determinations: "(1) whether the

decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Copeland*, 771 F.3d at 923. The Commissioner—not the Court—resolves any conflicts in the evidence. *Martin v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Accordingly, the Court must not substitute its own judgment for that of the Commissioner's, and the Court "may affirm only on the grounds that the Commissioner stated for his decision." *Copeland*, 771 F.3d at 923 (citation omitted).

"[T]o qualify for disability insurance benefits . . . , a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" § 423(d)(1)(A).

The ALJ performs a "five-step sequential analysis" when evaluating a disability claim. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). These five steps include determinations of:

> [W]hether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Id.* at 447–48. "In its transition from steps three to four, the ALJ determines the claimant's [RFC] . . . ." *Beene v. McMahon*, 226 F. App'x 348, 349 (5th Cir. 2007) (per curiam). The RFC is

"a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545).

## III.

## ANALYSIS

A.  *The RFC Adequately Reflects the Limitations Cited by Plaintiff's Treating Physicians Whose Opinions the ALJ Credited.*

Plaintiff argues that the ALJ's finding that Plaintiff has a "moderate limitation" in understanding, remembering, and processing is contrary to the findings of Doctors Mount, D'Angelo, Jarmon, Crumley, and Ofamata and does not reflect Plaintiff's documented limitations in reading and spelling. Doc. 22, Pl.'s Br., 12–15. Particularly, Plaintiff points to Dr. Mount's findings in a psychological evaluation, completed in August 2012, that "Plaintiff's word knowledge and language development were in the moderately impaired range, with reading, spelling[,] and math below the [first] percentile," Doc. 22, Pl.'s Br., 13 (citing Doc. 11-2, A.R., 960), and that Plaintiff's memory index and processing speed were at the sixth and second percentiles, respectively, *id.* (citing Doc. 11-2, A.R., 959). Plaintiff further notes that Dr. D'Angelo found in a similar evaluation, completed in February 2014, that Plaintiff's reading comprehension and math skills were in the elementary level and that Plaintiff's immediate memory and working memory were defective. *Id.* (citing Doc. 11-2, A.R., 1046). Moreover, Plaintiff points to Dr. Jarmon's testimony at the January 22, 2018, hearing that Plaintiff's spelling is below the first percentile of the population, *id.* (citing Doc. 11-1, A.R., 174), and that Plaintiff "had some difficulty with working memory," *id.* at 14. Plaintiff states that Dr. Crumley, in a March 2014 medical source statement, found that Plaintiff "could not repeat any of

[six] digits[,] . . . could not do serial [threes], and could not do any simple addition or multiplication." *Id.* at 13 (citing Doc. 11-2, A.R., 951–52). Finally, Plaintiff states that Dr. Ofamata, in an evaluation completed in November 2011, found that Plaintiff "has an extreme loss of ability to accept instructions and respond appropriately to criticism from supervisors; and to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes." *Id.* at 15 (citing Doc. 11-2, A.R., 840).[2]

According to Plaintiff, the ALJ's finding that Plaintiff has a "'moderate' limitation" in understanding, remembering, and applying information "has no basis in reality" given the above findings. *Id.* at 14. Plaintiff's argument is unavailing. As a preliminary matter, "[t]he ALJ has sole discretion in weighing the medical evidence and determining the claimant's RFC." *McFarland v. Colvin*, 2014 WL 4247738, at *7 (N.D. Tex. Aug. 26, 2014). And here, the ALJ considered and assigned varying degrees of weight to each of the above physicians' opinions. *See, e.g.*, Doc. 11-1, A.R., 28 (assigning "limited weight" to Dr. Mount's opinion in favor of another medical source opinion that found Plaintiff had "intact immediate and remote memory"); *id.* (assigning "some weight" to Dr. D'Angelo's opinion because reported symptoms may have been secondary to other factors). Except for the opinion of Dr. Ofamata, to be addressed more fully below, Plaintiff does not argue that the ALJ committed procedural error with respect to these physicians' opinions.

Moreover, contrary to Plaintiff's assertions, the RFC incorporates Plaintiff's limitations in memory and processing speed. Importantly, the ALJ assigned "some weight" to Dr. Jarmon's opinion

---

[2] The Court addresses Plaintiff's argument that the RFC fails to incorporate Plaintiff's ability to get along with others in Part III.B., *infra*. It further assesses the ALJ's obligation with respect to Dr. Ofamata's opinion in Part III.D., *infra*.

and credited Dr. Jarmon's finding that Plaintiff had "mild limitations in understanding, remembering, and carrying out simple instructions[.]" *Id.* at 29. The RFC reflects this weight, as the ALJ relied on it in limiting Plaintiff to only simple tasks. *Id.* The Court finds that this constitutes substantial evidence to support the ALJ's RFC determination. *See Perez*, 415 F.3d at 461 (noting that substantial evidence is "more than a mere scintilla and less than a preponderance" (citation omitted)).

As a corollary to this argument, Plaintiff notes that "[t]he ALJ never questioned the [VE] as to whether the Plaintiff's marginal capacities for reading, spelling, and mathematics would have any adverse effect upon his ability to perform the jobs identified by the VE[.]" Doc. 22, Pl.'s Br., 13. To the extent Plaintiff argues this is an error, Plaintiff's argument fails. An ALJ need only incorporate into the hypothetical questions posed to the VE those claimed disabilities "supported by evidence and recognized by the ALJ." *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002) (citation omitted). Plaintiff concedes that this is the case. Doc. 24, Pl.'s Reply, 3. But Plaintiff states that his memory deficits "are well[-]supported by the record"—the "problem is, none of them were recognized by the ALJ." *Id.* at 3–4. As noted above, determination of the RFC is entirely the province of the ALJ. *See McFarland*, 2014 WL 4247738, at *7. And the ALJ properly considered Plaintiff's mental limitations. Remand is not warranted on this ground.

B.  *The ALJ Adequately Considered Plaintiff's Ability to Get Along With Others, and the RFC Incorporates the Evidence of Record.*

Plaintiff argues that he is unable to get along with others and that the RFC fails to consider that. Doc. 22, Pl.'s Br., 15. He posits that he used to work full-time at Walmart and frequently argued with his co-workers and was consequently allowed to work by himself. *Id*. In particular, he recounts an incident in which he had an argument with his co-worker, was sent home for the day,

and later returned in the middle of the night and "poured syrup on the car of the associate with whom he had earlier argued." *Id.* Plaintiff also states that the VE "testified that an individual markedly limited in his ability to interact appropriately with supervisors and coworkers . . . would not be able to maintain competitive employment." *Id.* According to Plaintiff, the "ALJ . . . failed to consider the marked limitation in Plaintiff's ability to get along with supervisors and coworkers[.]" *Id.*

Plaintiff is mistaken. The ALJ expressly addressed Dr. Jarmon's finding that Plaintiff is limited in his ability to interact with supervisors, co-workers, and the public. Doc. 11-1, A.R., 29. And the ALJ incorporated this limitation in his RFC determination by finding that Plaintiff's interactions with co-workers and the public should be limited. *See id.* Moreover, the ALJ credited Plaintiff's employment record that reflected that during the time he worked at Walmart, "he was written up on only two occasions." *Id.* Thus, contrary to Plaintiff's assertion, the ALJ considered Plaintiff's ability to get along with others and incorporated such evidence into the RFC determination. Remand is not warranted on this ground.

C.   *The ALJ Adequately Considered Plaintiff's Need for Supervision.*

Plaintiff argues that the RFC fails to incorporate Plaintiff's documented need to be supervised the entire workday. Particularly, Plaintiff posits that while "he worked at Walmart, his manager would be right next to him, telling him what to do, all throughout the shift." Doc. 22, Pl.'s Br., 15. According to Plaintiff, he needed the supervision because he would frequently "mess up," and "[w]hen his supervisor left, [Plaintiff] was fired." *Id.* at 16. The ALJ noted Plaintiff's assertion that "he had supported work at Walmart[.]" Doc. 11-1, A.R., 29. But the ALJ again credited Plaintiff's employment record, noting that it "does not indicate that [Plaintiff] was provided with any

accommodations." *Id.* Thus, Plaintiff's assertion that "[t]he ALJ did not consider the need for special accommodations in determining the Plaintiff's [RFC]," Doc. 22, Pl.'s Br., 16, is plainly inaccurate. Remand is not warranted on this ground.

D.   *The ALJ Did Not Err with Respect to Dr. Ofamata's Opinion.*

Plaintiff advances two arguments with respect to the November 2010 medical source opinion of Dr. Ofamata. He argues that the ALJ "never considered" this opinion, thus improperly rejecting it without considering the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927,[3] and he argues that the RFC does not adequately reflect Dr. Ofamata's opinions that Plaintiff has (1) a "substantial loss of ability to respon[d] appropriately to changes in a routine work setting"; and (2) an "extreme loss of ability to accept instructions, . . . respond appropriately to criticism from supervisors[,] and to get along with his co-workers[.]" Doc. 22, Pl.'s Br., 15–17 (citing Doc. 11-2, A.R., 840). Plaintiff's arguments fail.

Generally, "an ALJ may reject the opinion of a treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2) or [§ 416.927]."[4] *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). But "[t]he

---

[3] Section 416.927(c) applies in cases where the claimant seeks supplemental security insurance, while § 404.1527(c) applies where the claimant seeks disability insurance benefits. *See* 20 C.F.R. § 404.1527(b), (c) (stating for Title II claimants that "we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive," and "[r]egardless of its source, we will evaluate every medical opinion we receive"); 20 C.F.R. § 416.927(b), (c) (same for Title XVI claimants). The two provisions are identical and require the same analysis. *See Bentley v. Colvin*, 2015 WL 5836029, at * 5 n.7 (N.D. Tex. Sept. 30, 2015).

[4] Those criteria are: (1) examining relationship; (2) length, nature, and extent of the treatment relationship; (3) supportability of the medical opinion; (4) consistency of the medical opinion with the record; (5) specialization of the source; and (6) other relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927(c).

*Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009) (per curiam). As the Fifth Circuit has explained:

> In *Newton,* the ALJ summarily rejected the opinions of claimant's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant. *Newton* was not a case with competing first-hand medical evidence where the ALJ found as a factual matter that one doctor's opinion was more well-founded than another. Nor was this a case where the ALJ weighed the treating physician's opinion on disability against the medical opinion of other physicians who had treated or examined the claimant and had specific medical bases for a contrary opinion. The *Newton* court also dealt with an incomplete record.

*Id.* (cleaned up, internal citations and quotation marks omitted). Thus, "where there is competing first-hand medical evidence . . ., and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another, the ALJ need not necessarily set forth an analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician." *Losasso v. Comm'r of Soc. Sec.*, 2017 WL 1251076, at *6 (E.D. Tex. Mar. 24, 2017) (citing *Qualls*, 399 F. App'x at 466–67).

As a preliminary matter, the Court recognizes that it is error if an ALJ fails to address or mention a medical source opinion in the hearing decision. *See Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017). But contrary to Plaintiff's assertion, the ALJ considered the portion of the record that Plaintiff asserts is Dr. Ofamata's opinion.[5] Plaintiff states that Dr. Ofamata's opinion is

---

[5] The Court is not convinced this portion of the record is indeed the opinion of Dr. Ofamata, as it appears to be a disability assessment completed by Jerry Scheen, whose medical credentials are unknown, and cosigned by Dr. Ofamata. *See* Doc. 11-2, A.R., 839–41; *see also Ramirez v. Berryhill*, 2018 WL 3651389, at *4 n.3 (S.D. Tex. July 17, 2018) ("[T]o the Court's knowledge, there is no Fifth Circuit precedent providing that an ALJ must give greater credence to [the] opinion [of a non-physician] simply because it is co-signed

located at Doc. 11-2, A.R., 839. *See* Doc. 22, Pl.'s Br., 17 (citing Doc. 11-2, A.R., 839–41 as containing Dr. Ofamata's opinion). That document is marked as the ALJ's exhibit number B10F. *See* Doc. 11-2, A.R., 839. The ALJ expressly cited this exhibit and assigned it little weight. Doc. 11-1, A.R., 27 ("These findings do not support the work-related limitations and the GAF of 40 proposed by a treating source in November 2010 (Exhibit B10F), evidence that has been assigned little weight."). Plaintiff's argument that the ALJ never considered Dr. Ofamata's opinion is thus inaccurate.

In any event, the ALJ did not err under *Newton* in affording Dr. Ofamata's opinion little weight. As noted above, the ALJ considered, and gave varying degrees of weight to, various medical opinions in the record. *See supra* at Part III.A. Dr. Ofamata's was not the sole medical opinion of record. For example, the record also contains a medical assessment of Dr. Jarmon completed in September 2016. *See* Doc. 11-2, A.R., 1062–70. Importantly, Dr. Jarmon found only a moderate restriction in Plaintiff's ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting." *Id.* at 1069. This more recent medical opinion of Dr. Jarmon contradicts Dr. Ofamata's finding that Plaintiff suffers a "[s]ubstantial loss of ability" to respond appropriately to changes in a routine work setting. *See id.* at 839–40. The ALJ expressly cited Dr. Jarmon's assessment and credited Dr. Jarmon's findings with respect to Plaintiff's ability to interact appropriately with others, the portion of the assessment that contains Dr. Jarmon's findings as to Plaintiff's ability to adapt to changes in his work setting. *See* Doc. 11-1, A.R., 29; Doc. 11-2, A.R.,

---

by a physician."), *adopted by* 2018 WL 3651345 (S.D. Tex. Aug. 1, 2018). Nonetheless, the Court addresses Plaintiff's argument assuming the opinion is indeed that of Dr. Ofamata.

1069. And, as noted in Part III.B., *supra*, the ALJ also credited Dr. Jarmon's opinion with respect to Plaintiff's ability to get along with others and incorporated that opinion in the RFC accordingly. Because the ALJ credited Dr. Jarmon's opinion over Dr. Ofamata's, the Court concludes that the ALJ did not err by failing to engage in the factors analysis under *Newton* in affording Dr. Ofamata's opinion little weight. *Diller v. Colvin*, 2016 WL 8737357, at *5 (N.D. Tex. Sept. 1, 2016) (finding RFC supported by substantial evidence and no error under *Newton* where the ALJ discounted a treating physician's opinion but RFC was based on the treating physician's treatment notes and other doctor's opinion); *Dobbins v. Colvin*, 2016 WL 1179020, at *4 (N.D. Tex. Feb. 25, 2016) ("After reviewing the ALJ's decision, the Court is satisfied that the ALJ properly cited and relied on the medical records of at least two other examining physicians and was not required to assess the § 404.1527(c)(2) factors [with respect to a third opinion]."), *adopted by* 2016 WL 1248911 (N.D. Tex. Mar. 25, 2016); *Gayle W. v. Saul*, 2019 WL 4038315, at *8 (N.D. Tex. Aug. 27, 2019) (finding no error under *Newton* where ALJ credited opinions of other treating physicians over opinion he gave little weight).

Moreover, even if an ALJ has committed an error under *Newton*, a "claimant must establish prejudice by showing that, if the ALJ had fully developed the record, additional evidence would have been produced that might have led to a different conclusion." *Ridenhour v. Astrue*, 2009 WL 77765, at *10 (N.D. Tex. Jan. 12, 2009) (citing *Newton*, 209 F.3d at 458). Here, in the one page of his opening brief that argues error with respect to Dr. Ofamata's opinion, Plaintiff does not state how the ALJ's purported failure to consider Dr. Ofamata's opinion affected his substantial rights, or that the purported failure affected his substantial rights at all. *See* Doc. 22, Pl.'s Br., 18. In fact, Plaintiff appears to concede that he has not affirmatively demonstrated prejudice. *See id.* ("*To the extent* that

this [alleged failure to consider Dr. Ofamata's opinion or otherwise apply the factors appropriately] impacted [the] RFC determination, such determination is not supported by substantial evidence."(emphasis added)). Remand is not required on this ground.

## IV.
## CONCLUSION

For the reasons explained above, the Court **AFFIRMS** the Commissioner's decision in all respects.

**SO ORDERED.**

**SIGNED: September 28, 2020**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE